UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

| | |
|---|---|
| IN RE: LOREN A. POLLACK,<br><br>Debtor,<br>______________________________/ | Bankr. No. 16-45138<br>Honorable Mark A. Randon |
| LOREN A. POLLACK,<br><br>Appellant,<br><br>v.<br><br>DAVID FINDLING; GERALD L. POLLACK & ASSOCIATES, INC.; ALEXANDER KOCOVES; and INTERNAL REVENUE SERVICE;<br><br>Appellees.<br>______________________________/ | Case No. 25-11937<br>Honorable Laurie J. Michelson |
| LOREN A. POLLACK and JENNIFER POLLACK,<br><br>Appellants,<br><br>v.<br><br>DAVID FINDLING; GERALD L. POLLACK & ASSOCIATES, INC.; and UNITED STATES DEPARTMENT OF JUSTICE;<br><br>Appellees.<br>______________________________/ | Case No. 26-10117<br>Honorable Laurie J. Michelson |
| LOREN A. POLLACK and JENNIFER POLLACK,<br><br>Appellants,<br><br>v. | Case No. 26-10436<br>Honorable Laurie J. Michelson |

DAVID FINDLING; INTERNAL REVENUE SERVICE; GERALD L. POLLACK & ASSOCIATES, INC.; and ALEX KOCOVES

Appellees.

**ORDER GRANTING THE GOVERNMENT'S UNOPPOSED MOTION TO DISMISS [85] AND DENYING WITHOUT PREJUDICE APPELLEE'S MOTION FOR SANCTIONS [72]**

This started as a consolidated bankruptcy appeal. On January 20, 2026, then-presiding District Judge Nancy G. Edmunds issued an opinion and order resolving on the merits all the motions pending before her. (ECF No. 70.) That resulted in a judgment dismissing the claims of Debtor Loren A. Pollack and his wife Jennifer Hamama-Pollack. (ECF No. 71.) But that did not end the case. Subsequently, the Pollacks' filed two additional, related bankruptcy appeals, and Appellees Alex Kocoves and Gerald L. Pollack & Associates, Inc. filed a motion for sanctions against the Pollacks. (ECF No. 72.) The undersigned then consolidated the additional bankruptcy appeals filed by the Pollacks and corresponding motions into this case. (ECF No. 80.) Ultimately, Appellee United States Department of Justice filed a motion to dismiss (ECF No. 85) that the Pollacks failed to timely oppose. The Court now resolves these remaining motions.

**I.**

To begin, the Court re-states the familiar facts of this long-pending case. Debtor Loren Pollack is a former shareholder in Gerald L. Pollack & Associates, Inc. ("GLP"). Ten years ago, Loren filed for Chapter 7 bankruptcy. *In re Pollack*, No. 16-

45138 (E.D. Mich. Bankr. 2016). His pre-petition assets included, among other things, his stock in GLP. (ECF No. 70, PageID.4455.) On June 11, 2025, the bankruptcy court entered an order approving the sale of Loren's stock in GLP to Alexander Kocoves for $425,000. (*Id.*) The bankruptcy court entered a "Corrected Sale Order" on June 20, 2025, to incorporate changes to the sale documents agreed upon by Appellees. (ECF No. 1, PageID.5–8.)

Loren and his wife, Jennifer Hamama-Pollack, appealed that order in June 2025. (ECF No. 1.) Judge Edmunds found the Pollacks lacked standing to bring the appeal. (ECF No. 70.) First, Judge Edmunds found that Jennifer lacked any interest in the GLP stock and did not acquire one through her marriage to Loren. (ECF No. 70, PageID.4441–4443.) And second, Judge Edmunds found that Loren was not an "aggrieved party" with standing to challenge the sale of the stock, because there was no evidence that another third-party buyer would have purchased the stock at a higher price. (*Id.* at PageID.4445–4466.) Judge Edmunds entered judgment (ECF No. 71), which the Pollacks appealed to the Sixth Circuit. (ECF No. 73 (dated February 3, 2026).) That appeal remains pending. *See In re Loren Pollack*, Nos. 26-1054/1125, (6th Cir. 2026).

In the meantime, the Pollacks filed more appeals of orders issued in the underlying bankruptcy. After the GLP stock sale was finalized, the Bankruptcy Trustee moved for a distribution of "interim compensation," as he had not yet been compensated for his services on the case. *In re Loren Pollack*, 16-45138 (E.D. Mich. Bankr. Nov. 17, 2025), ECF No. 507. The Pollacks objected, maintaining that the

stock sale was invalid for a number of reasons. *In re Loren Pollack*, 16-45138 (E.D. Mich. Bankr. Dec. 9, 2025), ECF Nos. 511, 512. The bankruptcy judge overruled those objections and permitted a distribution to the trustee. And on January 13, 2026, the Pollacks appealed that order. *In re Pollack*, Case No. 26-10117 (E.D. Mich. Jan. 13, 2026), ECF No. 1. Appellees refer to this as the "distribution appeal." (ECF No. 85, PageID.4664.)

Additionally, on February 6, 2026, the Pollacks appealed another bankruptcy order denying various motions, including a motion to compel and invoke arbitration, and an "emergency motion to supplement the record and for administrative hold." *In re Pollack*, Case No. 26-10436 (E.D. Mich. Feb. 6, 2026), ECF No. 1. Appellees refer to this case as the "arbitration appeal." (ECF No. 85, PageID.4664.) In that order the presiding bankruptcy judge also enjoined Hamama-Pollack from "filing any further motions without first obtaining leave of the Court." (*Id.*)

On January 20, 2026, in between the Pollacks' first and second appeal filings, Judge Edmunds issued her ruling disposing of the case. (ECF No. 70.) One week later, GLP and Kocoves filed a motion to sanction the Pollacks for pursuing frivolous appeals pursuant to Federal Bankruptcy Rule 8020 and the Court's inherent authority. (ECF No. 72.)

For efficiency, and to better manage the Pollacks' many filings, this Court consolidated the three pending bankruptcy appeals (Case Numbers 26-10436, 26-10117, 25-11937) into this first one—the case in which Judge Edmunds issued the merits ruling. (ECF No. 80.)

**II.**

While the Pollacks have filed many motions for "emergency" stays and deadline extensions,[1] they failed to file a response to either the United States' Motion to Dismiss or GLP's motion for sanctions.

Under this District's local rules, when a party fails to respond to a motion, the court may treat the motion as unopposed. *See* E.D. Mich. LR. 7.1(c)(1). The District's local bankruptcy rules are in accord. *See* E.D. Mich. L.Bankr.R 9014-1(d) ("If a response is not timely filed, the movant may file a certification of no response so stating, attaching thereto a copy of the original certificate of service, and may submit the proposed order."); *see also* E.D. Mich. L.Bankr.R. 9029(a) (noting that "any applicable rules of the Local Rules of the United States District Court for the Eastern District of Michigan" shall apply to bankruptcy proceedings).)

What it means in this Circuit for such a motion to be unopposed is not entirely clear. But many cases suggest that an unopposed motion to dismiss can be summarily granted because the plaintiff has abandoned any potential arguments in response. *See, e.g.*, *Desormeaux v. Kalitta Air, LLC*, No. 25-1772, 2026 U.S. App. LEXIS 19823, at *20 (6th Cir. July 6, 2026) (quoting *KSA Enters., Inc. v. Brank Banking & Tr. Co.*, 761 F. App'x 456, 463 (6th Cir. 2019); *see also Humphrey v. U.S. Att'y Gen.'s Off.*, 279 F. App'x 328, 331 (6th Cir. 2008) ("Thus, where, as here, plaintiff has not raised

[1] In April, the Pollacks moved for a global extension of all deadlines, again citing various ongoing medical and family emergencies. (ECF No. 84.) The Court denied that request. (ECF No. 88.) The Pollacks appealed (ECF No. 91) and the Sixth Circuit affirmed (ECF No. 98).

arguments in the district court by virtue of his failure to oppose defendants' motions to dismiss, the arguments have been waived."); *see also Mekani v. Homecomings Fin., LLC*, 752 F. Supp. 2d 785, 797 (E.D. Mich. 2010) ("Plaintiff has not responded to Defendant's motion to dismiss this claim, and the Court assumes he concedes this point and abandons the claim."); *Daniel v. Sec'y, Dep't of Homeland Sec.*, No. 24-561, 2025 U.S. Dist. LEXIS 35819, at *3–4 (S.D. Ohio Feb. 27, 2025) ("a motion to dismiss that is unopposed may be granted on that basis alone.")

For good measure, however, the Court will briefly review the motion to dismiss to ensure the Appellee has satisfied its burden and will also address the request for sanctions.

## III.

The United States moved to dismiss on the sole ground of collateral estoppel, or issue preclusion. (*See generally* ECF No. 85).

Under federal law, issue preclusion prevents a party from relitigating a matter if: (1) the precise issue was raised and actually litigated in a prior proceeding; (2) the determination of the issue was necessary to the outcome of that proceeding; (3) the prior proceeding resulted in a final judgment on the merits; and (4) the party against whom estoppel is sought had a full and fair opportunity to litigate the issue in the prior proceeding. *See Leonard v. RDLG, LLC (In re Leonard)*, 644 F. App'x. 612, 616 (6th Cir. 2016) (citing *Ark. Coals, Inc. v. Lawson*, 739 F.3d 309, 320–21 (6th Cir. 2014)). Those factors are met as to the Pollacks' distribution and arbitration appeals.

**A.**

Consider first the distribution appeal (26-10117). In that appeal, the Pollacks argue the Bankruptcy Court "erred as a matter of law by authorizing distributions" to the Trustee for a number of reasons, including improper notice, violation of the Federal Arbitration Act, and "lack of contractual authority." *See In re Pollack*, Case No. 26-10117 (ECF No. 3, PageID.18–22.) But the government correctly points out that "fourteen of the fifteen issues" raised by the Pollacks in this appeal question whether the Trustee had the authority to sell Pollack's GLP stock in the first place. *See id*; *see also* (ECF No. 85, PageID.4665–4666.)

And Judge Edmunds has already ruled that the Pollacks lack standing to challenge the sale order because Loren was not "aggrieved" by the sale within the meaning of the bankruptcy rules, and Jennifer had no interest in the GLP stock, notwithstanding her marriage to Loren. (ECF No. 70, PageID.4462–4466.) The Pollacks' lack of standing to challenge the stock sale was necessary to Judge Edmund's decision. (*Id.* at PageID.4466 (finding that the Pollacks' lack of standing "is jurisdictional").) The parties to those proceedings were the same. And the Pollacks had a full and fair opportunity to litigate the claim in that case. (*See id*. (noting the many "motions and documents" the Pollacks filed in the case, "requesting various relief").) Put simply, Judge Edmunds decided in the first bankruptcy appeal that the Pollacks lack standing to challenge the sale of the GLP stock to Kocoves. Thus, collateral estoppel precludes the Pollacks from now trying to challenge the consequences of that sale (i.e., distribution of compensation to the trustee as a result

of his work effectuating the sale). This entitles the government to dismissal of the distribution appeal.

**B.**

The same goes for the arbitration appeal (Case No. 26-10436). In that case, the Pollacks filed a statement of issues on appeal identical to the one filed in the distribution appeal. *See In re Loren Pollack*, 16-45138 (E.D. Mich. Bankr. Feb. 2, 2026), ECF No. 565. Thus, to the extent the Pollacks intended to challenge the bankruptcy court's decision to authorize the sale without arbitration, (as suggested by the nature of the order they are appealing), this would be barred by Judge Edmunds' ruling that the Pollacks lack standing to challenge the sale in the first instance. (*See generally* ECF No. 70.)

For these reasons, the Pollacks' subsequent appeals (Case Nos. 26-10117 and 26-10436) are barred by collateral estoppel and the United States' motion to dismiss them (ECF No. 85) is warranted. *See Visuron L.P. v. Corcoran*, No. 08-10681, 2008 U.S. Dist. LEXIS 32751, at *2–3 (E.D. Mich. Apr. 22, 2008) (granting bankruptcy trustee's motion to dismiss in a bankruptcy appeal where "the issues raised in this appeal" were resolved "in an earlier bankruptcy appeal," finding the issues moot.)

**IV.**

That leaves GLP and Kocoves' motion for sanctions. They contend the Pollacks have engaged in "unconscionable behavior" through voluminous emails, motion practice (often improperly styled as requests for "emergency relief"), and meritless appeals. (ECF No. 72.)

Federal Rule of Bankruptcy Procedure 8020 authorizes a district court, upon a separate motion, to issue sanctions against a party if it determines "that an appeal is frivolous" and the appellant had a reasonable opportunity to respond. When analyzing this rule, the Sixth Circuit looks to cases interpreting Federal Rule of Civil Procedure 38. *Murray v. Safir Law P.L.C. (In re Murray)*, No. 23-1797, 2024 U.S. App. LEXIS 9600, at *8 (6th Cir. April 19, 2024) (citing *In re Reese,* 485 F. App'x 32, 35 (6th Cir. 2012)). Under that Rule, sanctions may be warranted "in the rare case when an appeal involves an improper purpose, such as harassment or delay, or when . . . an appeal consists of baseless or improperly raised arguments." *In re Reese*, 485 F. App'x at 35 (citing *B & H Med., L.L.C. v. ABP Admin., Inc.*, 526 F.3d 257, 271 (6th Cir. 2008)).

The Pollacks are certainly right up against that edge. As a result, GLP and Kocoves have incurred significant time and expense defending these appeals. (*See* ECF No. 72, PageID.4492.) And the Court understands their frustration. But there are some other factors that give the Court pause about issuing such extreme relief now. For one, the Pollacks are *pro se*. To be sure, this does not insulate them from sanctions where appropriate, but it does factor into the Court's analysis of their litigation behavior and aptitude. Second, the Pollacks have not responded to the motion for sanctions. True, they had the opportunity to do so. But the Court is still deprived of their explanation or defense against Appellee's charge of bad faith. Third, the bankruptcy court has made diligent efforts to curb some of the Pollacks' voluminous filings. Recall that in a January 22, 2026, order, the bankruptcy judge

enjoined Hamama-Pollack from "filing any further motions without first obtaining leave of the Court." *In re Pollack*, Case No. 16-45138, (E.D. Mich. Bankr. Jan. 22, 2026), ECF No. 561. Lastly, the Court has not issued any warning that such sanctions could be imposed, and it finds that to be an appropriate threshold step.

So at this time, the Court will DENY WITHOUT PREJUDICE the motion for sanctions against the Pollacks. But the Court will warn the couple that any further meritless filings arising out of the underlying bankruptcy or these consolidated bankruptcy appeals, including those that involve the sale of Pollack's GLP stock, will result in the imposition of sanctions against them, including the fees and costs incurred by Appellees in response or defense.

Thus, the pending motion to dismiss (ECF No. 72) is GRANTED and the pending motion for sanctions (ECF No. 85) is DENIED WITHOUT PREJUDICE.

SO ORDERED.

Dated: September 30, 2026

s/Laurie J. Michelson
LAURIE J. MICHELSON
UNITED STATES DISTRICT JUDGE